UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| WILLIE F. JEFFERSON, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-497 JD |
| MARK R. SEVIER, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

Willie Jefferson filed this case by counsel, alleging that he received inadequate treatment for his sickle cell disease while he was incarcerated. Near the close of discovery, the defendants requested that he voluntarily dismiss his suit, as he had not disclosed any expert witnesses and would not be able to survive summary judgment. Mr. Jefferson's attorney did not respond to that request, but when the defendants filed their motions for summary judgment, he filed a notice stating that he did not intend to respond. The Court thus granted the motions and entered judgment against Mr. Jefferson's claims.

Two of the defendants—Dr. Andrew Liaw and Corizon, LLC—have now moved for an award of costs under Rule 54, plus an award of attorneys' fees under 42 U.S.C. § 1988. Specifically, they ask for costs in the amounts of $386.16 in copying costs and $2,000 in expert witness fees. They also ask for $4,785.50 in attorneys' fees that they incurred after their request to dismiss the case, at which point they argue the claims were frivolous and had no chance of success.

The Court begins with the request for costs. Under Federal Rule of Civil Procedure 54, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Only the categories of costs expressly set forth in the statute may be awarded, though.

28 U.S.C. § 1920; *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 701 (7th Cir. 2008). Mr. Jefferson first objects to the request for expert witness fees, arguing that they are not authorized by § 1920. The defendants concede that point in their reply, but argue that the Court should instead award those fees as part of their attorney fees under § 1988. That argument fares no better, though. Section 1988 only allows a court to award expert witness fees in an "action or proceeding to enforce a provision of section 1981 or 1981a." 42 U.S.C. § 1988(c). Mr. Jefferson's claim was under § 1983, so that provision does not apply. In addition, as discussed below, the defendants argue that fees under § 1988 only became warranted after November 6, 2018, when they asked Mr. Jefferson to dismiss his claims. They had already incurred the expert witness fees by that time, so the expert fees would not be covered by that request anyway. The defendants thus cannot recover the $2,000 in expert witness fees.

That leaves the $386.16 in copying costs. Mr. Jefferson does not dispute that those costs are awardable under the statute or that they are properly supported. Instead, he argues that those costs should not be imposed because he is indigent. The Seventh Circuit has held that the presumption in favor of awarding costs to the prevailing party "may be overcome by a showing of indigency." *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983). To establish indigence, the losing party must "show not only that [it] was incapable of paying court-ordered costs at the time they were imposed but also that [it] will be incapable of paying them in the future." *Rivera v. City of Chi.*, 469 F.3d 631, 636 (7th Cir. 2006). To make that showing, the party must "provide the district court with 'sufficient documentation to support such a finding." *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). The Seventh Circuit has held that this documentation "should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*

Mr. Jefferson has not met that burden. He did not submit any evidence at all in response to the defendants' motion. Instead, he cited only to the motion for leave to proceed in forma pauperis that he submitted when he first filed this suit in June 2017. That motion, which Mr. Jefferson signed under oath, indicates that Mr. Jefferson was receiving $450 a month in disability benefits, had no meaningful assets, and could not hold a job due to his frequent hospitalization. That evidence falls short for multiple reasons, though. First, it is over two years old, and may not accurately reflect Mr. Jefferson's current or future financial status. Granted, it is unlikely that Mr. Jefferson is or will be working, given his health. But he could be receiving greater benefits, or he may have gained new assets or sources of support. The mere fact that he received leave to proceed in forma pauperis does not mean he should be excused from paying costs, either. *Ramirez v. Ill. Dep't of Human Servs.*, No. 08 C 5272, 2015 WL 1593876, at *2 (N.D. Ill. Apr. 2, 2015) ("While a plaintiff proceeding in forma pauperis is exempt from paying filing fees, he or she nonetheless remains liable for paying the prevailing adversary's costs."); 28 U.S.C. § 1915(f)(1) (stating that when a party proceeds in forma pauperis, "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . . .").

In addition, Mr. Jefferson has never provided any information about his expenses, as required by *Rivera*. That is not an idle requirement. The Seventh Circuit explained that "[r]equiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent." *Rivera*, 469 F.3d at 635 (noting, for example, that if the plaintiff received housing from a family member, that "would certainly bear on her ability to pay" costs). It would not have been difficult for Mr. Jefferson, who is represented by counsel, to have

provided this information in response to the defendants' motion, but he did not do so, despite the Seventh Circuit's clear instructions. Finally, the amount of costs at issue is relatively modest, and could be satisfied over time with even a small amount of income. *See id.* at 636 (holding that even when a party establishes indigence, a court should consider other factors including the amount of costs in deciding whether to deny costs). The Court therefore grants the request for costs in the amount of $386.16.

The Court next considers the defendants' request for attorneys' fees under § 1988. That statute allows a court to grant "a reasonable attorney's fee" to the prevailing party in an action under § 1983. 42 U.S.C. § 1988(b). Prevailing plaintiffs are presumptively entitled to fees, but prevailing defendants face a higher standard: "Prevailing defendants may be awarded attorneys' fees only if the plaintiff's 'claim was frivolous, unreasonable, or groundless, or if the plaintiff continued to litigate after it clearly became so.'" *Cooney v. Casady*, 735 F.3d 514, 521 (7th Cir. 2013) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). "'There is a significant difference between making a weak argument with little chance of success . . . and making a frivolous argument with no chance of success,' and 'it is only the latter that permits defendants to recover attorney's fees' under § 1988." *Id.* (quoting *Khan v. Gallitano*, 180 F.3d 829, 837 (7th Cir. 1999)).

The defendants argue that Mr. Jefferson's claim became frivolous by November 2018, when they asked him to voluntarily dismiss the case. By that time, the deadline for Mr. Jefferson to disclose an expert witness had already passed, and Mr. Jefferson had not disclosed any expert testimony. The defendants further argue that Mr. Jefferson had developed no other evidence from which to argue that they were deliberately indifferent to his medical condition, and that he had no chance to survive summary judgment. In contrast, the defendants had retained an expert

4

hematologist who reviewed the records and opined that Mr. Jefferson's care while incarcerated "was very good, appropriate and within the community standard of care." [DE 66-1].

In response, Mr. Jefferson argues that his case was not frivolous from the outset, and that the defendants' expert's opinion does not show the contrary. Those arguments are not responsive to the defendants' motion, though. Prevailing defendants can receive attorneys' fees if the claim was frivolous, unreasonable, or groundless, "or if the plaintiff continued to litigated after it clearly became so." *Cooney*, 735 F.3d at 521. The defendants do not argue that the case was frivolous at the outset; they argue that it clearly became so when Mr. Jefferson failed to develop any evidence in support of his claim during discovery, and that fees are warranted after that time. Mr. Jefferson likewise misses the point in arguing that the defendants' expert's opinion does not prove that his claim was false. As the plaintiff, Mr. Jefferson bore the burden of proof, so the issue is not what evidence the defendants produced, but what evidence Mr. Jefferson had to support his claim. Mr. Jefferson has never—not in response to this motion or the motion for summary judgment—attempted to argue that he had any non-frivolous basis for proceeding by the time the defendants requested he dismiss his case.

To prevail on his deliberate indifference claim, Mr. Jefferson needed to show that the defendants were not merely negligent, but that they knew of and disregarded an excessive risk to his health or safety. *Davis v. Kayira*, 938 F.3d 910, 914 (7th Cir. 2019). "[A] medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances." *Id.* Mr. Jefferson had a complex medical condition for which he received frequent care throughout his imprisonment. It is difficult to see how he could have shown without an expert witness that his treatment reflected deliberate indifference, and he has not identified any other evidence that could have supported

his claim. Thus, as the defendants argue, it was frivolous for Mr. Jefferson to continue to pursue his claim past the close of discovery. Indeed, Mr. Jefferson appears to have known that, as he declined to even file a response to summary judgment. Given his failure to respond to summary judgment, or to disclose an expert or conduct other meaningful discovery, it appears that Mr. Jefferson had abandoned his claim, yet still forced the defendants to accrue attorneys' fees to dispose of it.

In addition, even after failing to respond to summary judgment, Mr. Jefferson still filed a notice of appeal after the Court granted the motion. Then, in response to a motion to dismiss his appeal, Mr. Jefferson conceded that, having failed to even respond to the motion for summary judgment, he had no path to victory on appeal. This course of conduct shows that this was not an earnest though unsuccessful effort to vindicate his rights, but an attempt to continue imposing costs on an adversary even after he knew he had no chance of success. The Court therefore finds that attorneys' fees are warranted for Mr. Jefferson's continuation of this case after November 6, 2018.

Mr. Jefferson finally argues that he should be excused from paying attorneys' fees because of his indigence. Every circuit to have considered that argument has concluded that a plaintiff's inability to pay "is not a proper factor to consider in determining *whether* to award attorneys' fees against the plaintiff, but may be considered when determining *the amount* of the attorneys' fees to be awarded against that party." *Wolfe v. Perry*, 412 F.3d 707, 723–24 (6th Cir. 2005) (internal quotation omitted) (collecting cases); *Roth v. Green*, 466 F.3d 1179, 194 (10th Cir. 2006). Even though the Court did not find that Mr. Jefferson sufficiently established his indigence to warrant denying the modest copying costs the defendants sought under Rule 54, the

Court finds that a reduction in attorneys' fees is warranted.[1] The attorneys' fees of $4,785.50 exceed the copying costs by over ten times. And even without more current or complete documentation of Mr. Jefferson's financial status, there is no dispute that he has a severe disability that prevents him from working. [*See* DE 66-2 (defense counsel noting that Mr. Jefferson was frequently hospitalized for his condition while out of jail)]. Given Mr. Jefferson's limited means and the larger amount of attorneys' fees at issue, the Court believes that awarding about one quarter of the amount requested, or $1,200, is appropriate. That amount serves the purposes of the fee-shifting provision by allowing the defendants to recover a portion of the fees they were forced to incur and by imposing a measure of accountability and deterrence. A greater award would be excessive for Mr. Jefferson's situation and likely unrecoverable anyway.

For those reasons, the Court GRANTS the defendants' motion for costs and attorneys' fees in part. [DE 66]. The Court awards costs and fees against Mr. Jefferson and in favor of defendants Dr. Liaw and Corizon, LLC, in the amounts of **$386.16** in costs and **$1,200.00** in attorneys' fees.

SO ORDERED.

ENTERED: January 27, 2020

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[1] The defendants argue in their reply brief that the Court should impose fees against counsel under § 1927 if it finds that Mr. Jefferson is unable to pay the fees himself. That request is waived for being presented for the first time in a reply.